IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

In Re: Petition to Modify Restitution
Order re USA v. Schindler                             Cause No. 3:20-MC-00023-SA

ORDER

Jeffrey Daniels and David Woodard filed a Petition [1], requesting that the Court modify the restitution order entered in the criminal case of *U.S.A. v. Charles Schindler*, N.D. Miss. Cause No. 4:19-CR-1. The Petitioners also filed a Motion for Hearing [4]. Having considered the filings, the Court is prepared to rule.

*Relevant Factual and Procedural Background*

On February 28, 2019, the Government filed a Superseding Indictment against Charles Schindler. *See* Superseding Indictment [13], N.D. Miss. Cause No. 4:19-CR-1. The Superseding Indictment includes nine counts against Schindler for violations of 18 U.S.C. § 1343. *Id*. Schindler ultimately pled guilty to Count One, and this Court later sentenced him. In addition to imposing a term of incarceration against Schindler, the Court ordered that he pay restitution in the amount of $4,397,615.23. *See* Judgment [56], N.D. Miss. Cause No. 4:19-CR-1. The Judgment clearly lists the particular amount of restitution owed to each victim by Schindler.

On October 9, 2020, Jeffrey Daniels and David Woodard filed the present Petition [1]. According to the Petition [1], "David Woodard (referenced as D.W.) is the victim mentioned in Count Five [of the Superseding Indictment]. . . Jeffrey Daniels — although not named in the indictment — is nevertheless a victim in the exact same vein as David Woodard and the other farms referenced in the superseding indictment." The Petition [1] further alleges that Farm Credit Leasing Services Corporation, one of the victims listed in the criminal Judgment imposed against Schindler, obtained a judgment in the amount of $343,447 against Jeffrey Daniels in a separate

state court proceeding. *See* Petition [1], p. 2-3. Daniels further states that he "held a good faith belief that the civil lawsuits being pursued against him would be ceased or otherwise averted prior to the entry of judgment. Only upon the entry of judgment did he suffer major additional loss in the amount of $343,447." *Id*. at p. 3. The Petitioners allege that Farm Credit Leasing's subsequent litigation against the individual farmers will allow it to achieve double recovery. Ultimately, the Petitioners request that the Court "set this matter for hearing and add Jeffrey Daniels as a victim with specified damages under the final restitution order and/or itemize the restitution order to account for the damages set forth herein." *Id*. at p. 4.

The United States Attorney's Office filed an Answer [3] to the Petition. The United States Attorney's Office takes no position as to the request but indicates its willingness to provide the Court any information it may need in reconciling this matter. Attached to the Answer [3] is a letter from counsel for Farm Credit Leasing, indicating its position in connection with the Petition [1]. The letter explains the collection efforts which Farm Credit Leasing has made and asserts that "[a]lthough [Farm Credit Leasing] does not anticipate collecting the Restitution Award from Schindler, it has no interest in double recovery, or recovering any amount greater than its actual losses." [3], Exh. 1.

*Analysis and Discussion*

The Court must first address the threshold issue of whether it has jurisdiction to consider this matter. *See*, e.g., *Noatex Corp. v. King Const. of Houston LLC*, 74 F. Supp. 3d 764, 768 (N.D. Miss. 2014) ("[F]ederal courts must be assured of their subject matter jurisdiction at all times and may question it *sua sponte* at any stage of the judicial proceedings.") (citing *In re Bass*, 171 F.3d 101, 1021 (5th Cir. 1999); *see also U.S.v. Hays*, 515 U.S. 737, 742, 115 S. Ct. 2431, 132 L. Ed. 635 (1995) ("The federal courts are under an independent obligation to examine

their own jurisdiction[.]"). The Petitioners assert that this Court has jurisdiction pursuant to 18 U.S.C. § 3664(d)(5), which provides as follows:

> If the victim's losses are not ascertainable by the date that is 10 days prior to sentencing, the attorney for the Government or the probation officer shall so inform the court, and the court shall set a date for the final determination of the victim's losses, not to exceed 90 days after sentencing. If the victim subsequently discovers further losses, the victim shall have 60 days after discovery of those losses in which to petition the court for an amended restitution order. Such order may be granted only upon a showing of good cause for the failure to include such losses in the initial claim for restitutionary relief.

18 U.S.C. § 3664(d)(5).

The Court does not believe that the manner in which the Petitioners are currently attempting to utilize the above statute fits the statute's intended purpose. First, as noted above, the "further losses" which the Petitioners claim to have suffered was the result of subsequent litigation in state court. Although the subject matter of the state court litigation concerned, according to the Petitioners, the same transactions which formed the basis of the Superseding Indictment filed in this Court, the Court is unaware of any authority, nor have the Petitioners cited any, indicating that the "further losses" addressed in 18 U.S.C. § 3664(d)(5) include a judgment entered in subsequent litigation.[1] The Court notes that the purpose of the statute has been characterized as follows: "[t]he purpose of Section 3664(d)(5) is to allow the Court to sentence a defendant even if the restitution amounts are unsettled, to give the parties additional time to resolve restitution issues but to make certain that restitution questions did not delay the imposition of sentence." *U.S. v. Hernandez*, 2020 WL 3052337, *5 (S.D. Fla. Jan. 9, 2020). In the Court's view, the present request does not act to achieve that purpose but, instead, is an attempt by the Petitioners to attack a state court judgment. *See Storyville Dist. New Orleans, LLC v. Canal Street Development Corp.*, 785 F. Supp. 2d 579, 586 (E.D. La. Mar. 28, 2011) (citing

---

[1] The Petitioners have attached no documentation regarding the underlying judgments.

*U.S. v. Shepherd*, 23 F.3d 923, 924 (5th Cir. 1994); *Lidtke v. State Bar of Texas*, 18 F.3d 315, 317 (5th Cir. 1994)) ("Federal district courts lack jurisdiction to entertain collateral attacks on state court judgments.").

Second, the Court notes the last sentence of Section 3664(d)(5), which provides that an order amending the restitution amount "may be granted only upon a showing of good cause for the failure to include such losses in the initial claim for restitutionary relief." 18 U.S.C. § 3664(d)(5). Based upon the information presently before it, the Court is of the opinion that the Petitioners cannot satisfy this threshold, as they cannot establish good cause for the Court's failure to include such losses in the initial restitution order. As noted above, the Petitioners' claim is that subsequent civil litigation in state court caused them financial harm. The Court finds that the imposition of a judgment in subsequent state court litigation would not constitute good cause for the failure to include the losses in the initial federal restitution order.

*Conclusion*

Ultimately, the Petitioners, through this action, are improperly attempting to rectify an unfavorable result in a state court proceeding. This Court finds that it lacks jurisdiction to address this issue. The Petition [1] is therefore DISMISSED. This CASE is CLOSED.

SO ORDERED, this the 5th day of February, 2021.

/s/ Sharion Aycock
UNITED STATES DISTRICT JUDGE